1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| CHRISTOPHER LEE JENKINS,<br>CDCR #P-73828,<br><br>                                   Plaintiff,<br><br>           vs.<br><br>R.J. DONOVAN, Appeals Coordinator,<br>et al.<br><br>                                   Defendants. | Civil No.    09-0116 L (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION FOR EXTENSION<br>OF TIME TO FILE SECOND<br>AMENDED COMPLAINT**<br><br>**[Doc. No. 33]** |

12
13
14
15
16
17

18   **I.       PROCEDURAL HISTORY**

19           Christopher Lee Jenkins ("Plaintiff"), a prisoner currently incarcerated at R.J. Donovan

20   Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, initiated this civil

21   action pursuant to 42 U.S.C. § 1983 on January 12, 2009 in the Eastern District of California.

22           On January 15, 2009, United States Magistrate Judge Edmund F. Brennan found the case

23   lacked proper venue and transferred the matter to the Southern District of California pursuant

24   to 28 U.S.C. § 1406(a) [Doc. No. 5].

25           On January 27, 2009, this Court denied Plaintiff's Motion for leave to proceed *in forma*

26   *pauperis* ("IFP") as insufficient, but granted him time to provide a properly supported IFP

27   application [Doc. No. 8].  Plaintiff then requested, and was granted, an extension of time in

28   which to do so [Doc. Nos. 9, 10].

1    On May 28, 2009, the Court granted Plaintiff's IFP Motion, but dismissed his Complaint

2   sua sponte for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  *See* May

3   28, 2009 Order  [Doc. No. 13].  In its Order, the Court identified Plaintiff's pleading deficiencies

4   and provided him leave to amend.  *Id.* at 4-7.

5    Plaintiff thereafter requested, and was granted, four separate extensions of time in which

6   to file a First Amended Complaint [Doc. Nos. 14-19, 23-24.]  On November 25, 2009, Plaintiff

7   filed his First Amended Complaint, adding new claims and 37 additional Defendants [Doc. No.

8   26].  However, on December 14, 2009, the Court again found Plaintiff failed to state a claim and

9   dismissed his First Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and § 1915A(b)(1)

10  [Doc. No. 27].  While Plaintiff was once again granted leave to amend, he was cautioned any

11  additional requests for extensions of time would "only be granted for good cause shown."  *See*

12  Dec. 14, 2009 Order at 8.

13    Plaintiff thereafter filed, and was granted, two additional requests for extension of time

14  in which to file a Second Amended Complaint [Doc. Nos. 28-29, 31-32].  And, on May 7, 2010,

15  Plaintiff filed what is now his seventh request for an extension of time in which to amend [Doc.

16  No. 33].  Plaintiff claims he requires additional time because in April 2010, he was transferred

17  to two separate hospitals outside RJD for treatment of an infection which he claims requires a

18  6-8 week course of treatment.  *See* Pl.'s Mot. at 2.  Plaintiff specifically requests "an

19  enlargement of time [up] to and including" July 31, 2010, in which to file his Second Amended

20  Complaint.  *Id.* at 1.

21  **II.    STANDARD OF REVIEW**

22    As noted above, this is Plaintiff's *seventh* request for an extension of time.  However, he

23  is proceeding without counsel and currently alleges facts which demonstrate good cause for

24  granting him at least *one final* extension of time.  *See Balistreri v. Pacifica Police Dep't*, 901

25  F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their

26  right to a hearing on the merits of their claim due to ... technical procedural requirements.").

27  "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ...

28  plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832

1   F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967);

2   *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's

3   dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was

4   result of prison-wide lockdown).

5        Nevertheless, the Court finds it appropriate to caution Plaintiff that absent a showing of

6   *extraordinary* circumstances, it will not grant any further extensions of time to amend in this

7   case. *Cf. Efau v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting that while a court's

8   discretion in extending time [under FED.R.CIV.P. 4(m)] is broad, a plaintiff's protracted and

9   repeated requests for extension of time must end somewhere, for "not court has ruled that the

10   discretion is limitless.").

11   **III.   CONCLUSION AND ORDER**

12        Accordingly, the Court hereby **GRANTS** Plaintiff's Motion for Extension of Time to file

13   his Second Amended Complaint [Doc. No. 33].

14        **IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint must be

15   received by the Court no later than **Monday, August 2, 2010.**  Moreover, Plaintiff is cautioned

16   that his Second Amended Complaint must address the deficiencies of pleading identified in the

17   Court's May 28, 2009 and December 14, 2009 Orders, and must be complete in itself without

18   reference to either of his previous pleadings. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc.*

19   *v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).   ABSENT

20   EXTRAORDINARY CIRCUMSTANCES, NO FURTHER EXTENSIONS OF TIME TO

21   AMEND SHALL BE GRANTED IN THIS CASE.

22        If Plaintiff does *not* to file a Second Amended Complaint by August 2, 2010, the Court

23   shall enter a final Order of Dismissal without prejudice for failing to state a claim pursuant to

24   28 U.S.C. § 1915(e)(2) and § 1915A(b).

25        **IT IS SO ORDERED.**

26   DATED: May 19, 2010

27                          M. James Lorenz

28                          United States District Court Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28