# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEE JENKINS, CDCR #P-73828,<br><br>Plaintiff,<br><br>vs.<br><br>R.J. DONOVAN, Appeals Coordinator, et al.<br><br>Defendants. | Civil No. 09cv0116 L (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO AMEND FIRST AMENDED COMPLAINT AND DIRECTING CLERK OF COURT TO CLOSE THE FILE**<br><br>**[Doc. No. 40]** |

**I.    PROCEDURAL HISTORY**

Christopher Lee Jenkins ("Plaintiff"), a prisoner currently incarcerated at California Institution for Men in Chino, California, and proceeding pro se, initiated this civil action pursuant to 42 U.S.C. § 1983 on January 12, 2009 in the Eastern District of California. On January 15, 2009, United States Magistrate Judge Edmund F. Brennan found the case lacked proper venue and transferred the matter to the Southern District of California pursuant to 28 U.S.C. § 1406(a) [Doc. No. 5].

/ / /

/ / /

On January 27, 2009, this Court denied Plaintiff's Motion for leave to proceed *in forma pauperis* ("IFP") as insufficient, but granted him time to provide a properly supported IFP application [Doc. No. 8]. Plaintiff then requested, and was granted, an extension of time in which to do so [Doc. Nos. 9, 10].

On May 28, 2009, the Court granted Plaintiff's IFP Motion, but dismissed his Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. *See* May 28, 2009 Order [Doc. No. 13]. In its Order, the Court identified Plaintiff's pleading deficiencies and provided him leave to amend. *Id.* at 4-7.

Plaintiff thereafter requested, and was granted, four separate extensions of time in which to file a First Amended Complaint [Doc. Nos. 14-19, 23-24.] On November 25, 2009, Plaintiff filed his First Amended Complaint, adding new claims and 37 additional Defendants [Doc. No. 26]. However, on December 14, 2009, the Court again found Plaintiff failed to state a claim and dismissed his First Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and § 1915A(b)(1) [Doc. No. 27]. While Plaintiff was once again granted leave to amend, he was cautioned any additional requests for extensions of time would "only be granted for good cause shown." *See* Dec. 14, 2009 Order at 8.

Plaintiff thereafter filed, and was granted, two additional requests for extension of time in which to file a Second Amended Complaint [Doc. Nos. 28-29, 31-32]. And, on May 7, 2010, Plaintiff filed what is now his seventh request for an extension of time in which to amend [Doc. No. 33]. This request was again granted by the Court on May 19, 2010 [Doc. No. 34]. However, Plaintiff was told that no further extensions of time will be granted absent a showing of "extraordinary circumstances." *See* May 19, 2010 Order at 3. The Court provided Plaintiff with an additional *eleven* weeks to file his Second Amended Complaint. *Id.* Plaintiff was told that he must file this Second Amended Complaint no later than Monday, August 2, 2010. *Id.* at 4.

Plaintiff was informed that if he failed to file his Second Amended Complaint by August 2, 2010, the Court would "enter a final Order of Dismissal without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)." *Id.* On June 24, 2010, Plaintiff

1 filed a "Motion for Order to Receive Legal Documents and Access to the Courts" [Doc. No. 37]. In this Motion, Plaintiff claimed that he needed the Court to send him materials from the Court's docket because prison officials had confiscated his legal materials.

The Court provided Plaintiff with a copy of his First Amended Complaint and the Court's December 14, 2009 Order dismissing his First Amended Complaint for failing to state a claim. *See* July 8, 2010 Order at 3. Plaintiff was admonished that he was still obligated to file his Second Amended Complaint by August 2, 2010. *Id.* Instead of filing a Second Amended Complaint, Plaintiff has now filed his *ninth* "Motion for Extension of Time to File First Amended Complaint" [Doc. No. 40].

## II. STANDARD OF REVIEW

As noted above, this is Plaintiff's *ninth* request for an extension of time. In his Motion he claims he discovered that prison officials threw away all of his legal materials when he returned to the Richard J. Donovan Correctional Facility on May 25, 2010. *See* Pl.'s Mot. at 2. This claim was the basis for his last Motion in which he asked the Court to send him copies of documents filed in the Court's record. The Court granted this request in early July and sent Plaintiff a copy of his First Amended Complaint and the Court's December 14, 2009 Order outlining the deficiencies of pleading found in the First Amended Complaint. *See* July 8, 2010 Order at 3. These documents were more than sufficient for the Plaintiff to refer to in submitting a Second Amended Complaint. Plaintiff has now had nearly *eight* months to draft a Second Amended Complaint to comply with the Court's December 14, 2009 Order. Plaintiff was informed that only in *extraordinary* circumstances would the Court grant another extension of time. He has failed to demonstrate any extraordinary circumstances that would prevent him from complying with all of the Court's previous Orders. *Cf. Efau v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (noting that while a court's discretion in extending time [under FED.R.CIV.P. 4(m)] is broad, a plaintiff's protracted and repeated requests for extension of time must end somewhere, for "no court has ruled that the discretion is limitless.").

Accordingly, Plaintiff's Motion for Extension of Time to File Second Amended Complaint is **DENIED**.

### III. CONCLUSION AND ORDER

Plaintiff's Motion for Extension of Time to Amend First Amended Complaint is **DENIED** [Doc. No. 40]. Pursuant to the Court's May 19, 2010 and July 8, 2010 Orders, the entire action is **DISMISSED**, without prejudice, for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and for failing to comply with the Court's Orders.

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

DATED: August 10, 2010

M. James Lorenz
United States District Court Judge